1  Daniel D. Harshman, Esq. (SBN# 177139)
   Charles E. Wheeler, Esq. (SBN #82915)
2  COZEN O'CONNOR
   425 California Street, Suite 2400
3  San Francisco, CA  94104
   Telephone:  (415) 617-6100
4  Facsimile: (415) 617-6101
   E-mail:  dharshman@cozen.com
5          cwheeler@cozen.com

6  Attorneys for Defendant
   PSI CORPORATION                        E-filing

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA                    **MEJ**

10

11  FRIENDLYWAY, AG, a German Corporation,    Case No.:

12          Plaintiff,                    **C  07    2990**

13      v.                               **NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. §1441(b)**
14  PSI CORPORATION, a Nevada corporation   **(DIVERSITY)**
    f/k/a FRIENDLYWAY CORPORATION, f/k/a
15  BIOFARM, INC.; and DOES 1 – 20,

16          Defendants.

17  **TO:**    CLERK, UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA:
18

19          PLEASE TAKE NOTICE that Defendant PSI Corporation ("PSI") hereby removes the State

20  court action described below to this Court from the Superior Court of California, County of San

21  Francisco.  The basis for the removal is as follows:

22          1.      On April 23, 2007, Plaintiff commenced this action in the Superior Court of

23  California, County of San Francisco, Case No. C6C-07-462622 (the "State Court Action") by filing

24  a Complaint, a copy of which is attached as **Exhibit A** to this Notice of Removal.

25          2.      Plaintiff is a German corporation with its principal place of business at Feringa-

26  Strasse 9, 85774 Unterfoehring, Germany.  (Ex. A ¶ 2.)

27          3.      PSI is a Nevada corporation, with its principal place of business in Colorado Springs,

28  Colorado.  (Ex. A ¶ 3.)

                              1

4.      The defendant is not a citizen of the state in which the action is pending.

5.      The first date upon which defendant putatively received a copy of the complaint the Sate court action was May 10, 2007 when a copy of the summons and complaint was delivered to a subsidiary of PSI Corporation.

6.      This action concerns a dispute over more than seven million shares of PSI's stock. (Ex. A ¶ 36.)  The current market price of those shares is approximately $0.06.

4.      Thus, the Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332, because it is a dispute between a citizen of a State and a citizen of a foreign state, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.


Dated: June 8, 2007                                COZEN O'CONNOR


                                    By: _____
                                        Daniel D. Harshman
                                        Attorneys for Defendant
                                        PSI CORPORATION, f/k/a
                                        FRIENDLYWAY CORPORATION,
                                        f/k/a BIOFARM, INC.


2

# EXHIBIT "A"



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PSI Corporation, a Nevada corporation, fka friendlyway Corporation, fka Biofarm, Inc.; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
friendlyway AG, a German corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco Superior Court
400 McAllister Street, Room 205
San Francisco, CA  94102

CASE NUMBER:
*(Número del caso):*
CGC-07-462622

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laurence A. Weiss (164638), Holly Baudler (238843)    650-324-7000 Tel    650-324-0638 Fax
HELLER EHRMAN, LLP
275 Middlefield Road
Menlo Park, CA  94025-3506

DATE: April 23, 2007    **Gordon Park-Li** , Clerk, by    Jun Pansio    , Deputy
*(Fecha)*  APR 23 2007    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
   PSI Corporation, a Nevada corporation, fka friendlyway
3. ☒ on behalf of *(specify)*: Corporation, fka Biofarm, Inc.
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

Laurence A. Weiss (Bar No. 164638)
Holly Bandler (Bar No. 238843)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

Attorneys for Plaintiff
friendlyway AG

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

APR 2 3 2007

GORDON PARK-LI, Clerk
BY: _____JUN P. PANELO_____
*Deputy Clerk*

**CASE MANAGEMENT CONFERENCE SET**

SEP **2 1** 2007 -9ᵃᵐ AM

**DEPARTMENT 212**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| friendlyway AG, a German corporation, | Case No.: **C G C -07 -4 6 2 6 2 2** |
| Plaintiff, | UNLIMITED JURISDICTION |
| v. | **COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF U.C.C. § 8-401 (NRS 104.8401), CONVERSION, UNJUST ENRICHMENT, EQUITABLE INDEMNITY, AND INJUNCTIVE AND DECLARATORY RELIEF** |
| PSI CORPORATION, a Nevada corporation, fka friendlyway Corporation, fka Biofarm, Inc.; and DOES 1-20, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff friendlyway AG hereby complains against PSI Corporation and Does 1-20, and alleges as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action to recover for the harm it has suffered and continues to suffer as a result of defendant's wrongful and arbitrary "cancellation" of more than 7.5 million shares of common stock of PSI Corporation owned by plaintiff, and defendant's failure to comply with both its contractual obligations to issue more than 1.0 million additional shares of the common stock of PSI Corporation to plaintiff and its duty to

Heller
Ehrman LLP

COMPLAINT

1  register transfers of stock as instructed by plaintiff.

2  **PARTIES**

3      2.     Plaintiff friendlyway AG ("FWAG") is a German corporation with its

4  principal place of business at Feringa-Strasse 9, 85774 Unterfoehring, Germany.

5      3.     Defendant PSI Corporation ("PSI") is a Nevada corporation with its principal

6  place of business at 7222 Commerce Center Drive, Suite 230, Colorado Springs, Colorado

7  80919.  On information and belief, from approximately March 2005 through September

8  2006, PSI was known as friendlyway Corporation ("FW Corp."), and had its principal place

9  of business at 1225 Battery Street, San Francisco, California 94111.  On information and

10  belief, prior to March 2005, PSI was known as Biofarm, Inc. ("Biofarm").

11      4.     Defendants DOES 1-20 are persons or entities whose true names and

12  capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious

13  names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously

14  named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible

15  in some manner for the matters and things alleged herein, and is jointly and severally liable

16  for the acts complained of herein.  Plaintiffs will seek leave of court to amend this

17  Complaint to state the true names and capacities of such fictitiously named defendants when

18  ascertained.

19  **VENUE**

20      5.     Venue is proper in this Court pursuant to California Code of Civil Procedure

21  Section 395.5, and also pursuant to the forum selection clause in the Share Exchange

22  Agreement by and among Biofarm and FW Inc. and its Stockholders, FWAG and

23  Alexander von Welczeck ("von Welczeck"), dated August 13, 2004 (the "2004 Share

24  Exchange Agreement"), which provides that, with respect to disputes arising out of or

25  related to that Agreement, the parties consent to the exclusive jurisdiction of, and venue in,

26  the state and federal courts in San Francisco County in the State of California.

27

28

Heller
Ehrman LLP

## FACTUAL ALLEGATIONS

6.    In 2000, FWAG established a wholly-owned subsidiary, FW Inc., in Delaware, and was issued 10,000,000 shares of FW Inc.'s common stock. FWAG seconded an employee, von Welczeck, to FW Inc. to become its chief executive officer.

7.    In August 2002, FWAG, FW Inc., von Welczeck, and certain FWAG shareholders entered into a Stock Purchase Agreement, effective August 1, 2002 (the "2002 Stock Purchase Agreement"). Pursuant to the 2002 Stock Purchase Agreement, von Welczeck purchased 7,000,000 shares of FW Inc. common stock for $40,000. Also pursuant to the 2002 Stock Purchase Agreement, FWAG paid von Welczeck $40,000 in consideration for von Welczeck's waiver of his right to be re-employed by FWAG and FWAG's related obligation to pay the expense of relocating von Welczeck and his family to Germany. These obligations were offset against one another at the closing. Following the closing of the transactions set forth in the 2002 Stock Purchase Agreement, von Welczeck owned 7,000,000 shares of FW Inc. common stock, and FWAG owned 3,000,000 shares of FW Inc. common stock.

8.    In August 2004, the stockholders of FW Inc., including FWAG and von Welczeck, agreed to exchange all of their shares of FW Inc. common stock for an aggregate of 18,000,000 shares of Biofarm (now PSI) common stock pursuant to the 2004 Share Exchange Agreement and a Closing Agreement, effective December 10, 2004, among Biofarm, FW Inc., and each of FW Inc.'s stockholders.

9.    As a result of the transaction described in Paragraph 8, FWAG was issued 6,000,001 shares of Biofarm (now PSI) common stock. Also a result of the transaction described in Paragraph 8, von Welczeck was issued 8,659,999 shares of Biofarm (now PSI) common stock.

10.    Also as a result of the transaction described in Paragraph 8, FW Inc. became a wholly-owned subsidiary of Biofarm (now PSI).

11.    Upon information and belief, FWAG's stock certificate representing the 6,000,001 shares of Biofarm (now PSI) common stock owned by FWAG was placed in the

1  custody of the then-management of Biofarm (now PSI) in anticipation of a possible further

2  stock exchange being negotiated in 2005. Upon information and belief, PSI and/or its

3  agents currently have possession and/or control of the stock certificate representing the

4  6,000,001 shares of Biofarm (now PSI) common stock owned by FWAG.

5  12. Section 10.2 of the 2004 Share Exchange Agreement provided that additional

6  shares of Biofarm (now PSI) common stock would be issued to the former stockholders of

7  FW Inc. under certain circumstances:

8  *Adjustment of Share Issuances.* If at any time, and from time to
9  time, after the Closing, the sum of (i) the number of shares of
   BIOF [now PSI] Common issued and outstanding as of the
10  Closing (including the number of S-8 Shares, if any that are
   subsequent to the Closing determined to have been issued and
11  outstanding as of the Closing), (ii) the number of shares of
12  BIOF [now PSI] Common issued with respect to any claims
   relating to the cancellation of the S-8 shares, (iii) the number of
13  shares of BIOF [now PSI] Common issued in connection with
14  the Artwork Obligation after the Closing, and (iv) the number of
   shares of BIOF [now PSI] Common issued with respect to any
15  claims arising out of events or circumstances occurring prior to
   the Closing which are issued subsequent to the Closing (such
16  sum the "Adjusted Capitalization"), exceeds 6,000,000 (as
17  appropriately adjusted for stock splits, stock dividends,
   recapitalizations and like events) then BIOF [now PSI] shall, as
18  soon as practicable, issue to the FWAY Stockholders [including
19  FWAG and von Welczeck] (in the same proportions as the
   Acquisition Consideration was issued to them) such additional
20  number of shares of BIOF [now PSI] Common such that the
   total number of shares of BIOF [now PSI] Common issued to
21  the FWAY Stockholders pursuant to this agreement equals three
22  (3) times the Adjusted Capitalization. Such shares shall be
   deemed to be additional shares of Acquisition Consideration and
23  an adjustment to the acquisition price.

24  13. Upon information and belief, FWAG has become entitled to an additional

25  approximately 1,000,000 or more shares of Biofarm (now PSI) common stock pursuant to

26  Section 10.2 of the 2004 Share Exchange Agreement. However, PSI has never issued these

27  additional shares of PSI common stock it owes to FWAG.

28  14. In February 2005, FWAG and von Welczeck entered into a Settlement

Heller
Ehrman LLP

COMPLAINT                                    4

1   Agreement and Limited Release (the "2005 Settlement Agreement") pursuant to which von
2   Welczeck transferred 1,529,824 shares of Biofarm (now PSI) common stock (and promised
3   to transfer 20% of any shares of Biofarm (now PSI) common stock issued to von Welczeck
4   pursuant to Section 10.2 of the 2004 Share Exchange Agreement) to FWAG in
5   consideration for the release by FWAG of certain of von Welczeck's obligations then
6   outstanding under the 2002 Stock Purchase Agreement.

7           15.     Upon the effective date of the 2005 Settlement Agreement, FWAG owned
8   7,529,825 shares of Biofarm (now PSI) common stock.

9           16.     Upon information and belief, PSI and/or its agents currently has possession of
10  the stock certificate representing the 1,529,824 shares of Biofarm (now PSI) common stock
11  that von Welczeck transferred to FWAG as alleged in Paragraph 14.

12          17.     Beginning in February 2005, in connection with providing additional
13  financing to Biofarm (now PSI), FWAG offered and sold in Germany to non-U.S. citizens
14  reverse convertible bonds, which were convertible into shares of Biofarm (now PSI)
15  common stock. The purchasers of the bonds subsequently elected to convert the bonds.
16  FWAG intended to effect the conversion by transferring to the bondholders shares of
17  Biofarm (now PSI) common stock owned by FWAG in accordance with each bondholder's
18  subscription certificate.

19          18.     In March 2005, Biofarm changed its name to friendlyway Corporation ("FW
20  Corp.").

21          19.     In June 2005, FWAG entered into a subscription agreement with FW Corp.
22  (now PSI) (the "June 2005 Subscription Agreement") pursuant to which certain notes held
23  by FWAG were cancelled and FWAG subscribed the outstanding principal and accrued
24  interest thereunder in consideration for the issuance of 2,318,575 shares of FW Corp. (now
25  PSI) common stock.

26          20.     In July 2005, FWAG entered into a subscription agreement with FW Corp.
27  (now PSI) (the "July 2005 Subscription Agreement") pursuant to which certain notes held
28  by FWAG were cancelled and FWAG subscribed the outstanding principal and accrued

Heller
Ehrman LLP

COMPLAINT                                           5

interest thereunder in consideration for the issuance of 1,250,000 shares of FW Corp. (now PSI) common stock.

21.   In September 2005, FWAG entered into a subscription agreement with FW Corp. (now PSI) (the "September 2005 Subscription Agreement") pursuant to which certain notes held by FWAG were cancelled and FWAG subscribed the outstanding principal and accrued interest thereunder in consideration for the issuance of 1,250,000 shares of FW Corp. (now PSI) common stock.

22.   The June 2005 Subscription Agreement, the July 2005 Subscription Agreement and the September 2005 Subscription Agreement are collectively referred to herein as the "2005 Subscription Agreements."

23.   As a result of the transactions described above, as of March 9, 2006, FWAG was entitled to approximately 13,348,400 or more shares of FW Corp. (now PSI) common stock. This number consists of the 6,000,001 shares issued pursuant to the 2004 Share Exchange Agreement as described in Paragraph 8 above, 1,529,824 shares transferred to FWAG by von Welczeck pursuant to the 2005 Settlement Agreement as described in Paragraph 14, approximately 1,000,000 or more shares owed pursuant to Section 10.2 of the 2004 Share Exchange Agreement, and an aggregate of 4,818,575 shares owed pursuant to the 2005 Subscription Agreements described in Paragraphs 19-22.

24.   In April 2006, FWAG sent stock powers and assignments separate from certificate to FW Corp. (now PSI) and instructed FW Corp. (now PSI) to transfer an aggregate of 7,850,000 shares of the FW Corp. (now PSI) common stock owned by FWAG to certain non-U.S. citizens in connection with the conversion of the convertible bonds described in Paragraph 17.

25.   In May 2006, FW Corp. (now PSI) acquired Pantel Systems, Inc., a Nevada corporation, pursuant to a Share Exchange Agreement (the "2006 Share Exchange Agreement"), dated April 27, 2006, among FW Corp. (now PSI), Pantel Systems, Inc. and Kenneth J. Upcraft, its sole stockholder.

26.   Pursuant to the 2006 Share Exchange Agreement, Upcraft acquired

Heller
Ehrman LLP

COMPLAINT                                6

20,000,000 shares of FW Corp. (now PSI) common stock in exchange for all his shares of capital stock of Pantel Systems, Inc. As a result, Upcraft became the largest single shareholder of FW Corp. (now PSI). Upon the closing of the transaction described in the 2006 Share Exchange Agreement, Upcraft also became President and Chief Executive Officer of FW Corp. (now PSI), and had the power to exercise his control over FW Corp. (now PSI).

27.    In July 2006, FWAG again requested that FW Corp. (now PSI) issue and deliver stock certificates evidencing the transfers described in Paragraph 24 and the balance of shares owned by FWAG.

28.    To date, PSI has refused to carry out FWAG's instructions to transfer shares held by FWAG as described in Paragraphs 24 and 27.

29.    On August 15, 2006, FW Corp. (now PSI), now controlled by Upcraft, announced that it had "cancelled" the issuance of 15,560,000 shares of its common stock. Upon information and belief, these "cancelled" shares include the 6,000,001 shares issued to FWAG pursuant to the 2004 Share Exchange Agreement and the 1,529,824 shares transferred to FWAG by von Welczeck pursuant to the 2005 Settlement Agreement.

30.    The purported "cancellation" of 7,529,825 shares of FW Corp. (now PSI) common stock owned by FWAG was wrongful and without any justification whatsoever.

31.    In October 2006, FW Corp. changed its name to PSI Corporation ("PSI").

32.    In October 2006, PSI issued to FWAG three stock certificates for PSI common stock, representing 2,318,575 shares, 1,250,000 shares and 833,333 shares, respectively, apparently pursuant to the 2005 Subscription Agreements described in Paragraphs 19-22. To date PSI has not issued a certificate representing the remaining 416,667 shares issuable to FWAG pursuant to the 2005 Subscription Agreements.

### FIRST CAUSE OF ACTION

#### (Breach of the 2004 Share Exchange Agreement)

#### (Cancellation of Shares)

33.    Plaintiff FWAG realleges and incorporates by reference the allegations of

Heller
Ehrman LLP

COMPLAINT                                                    7

Paragraphs 1-32 above.

34.    FWAG has performed all conditions, covenants and promises required on its part by the terms and conditions of the 2004 Share Exchange Agreement.

35.    Defendant PSI has breached the terms of the 2004 Share Exchange Agreement by purporting to "cancel" shares of PSI common stock owned by FWAG that were issued as part of the consideration for FWAG's entering into the 2004 Share Exchange Agreement.

36.    As a result of PSI's breach of the 2004 Share Exchange Agreement, FWAG has been deprived of 7,529,825 shares of PSI common stock. FWAG has been unable to sell, transfer, or otherwise enjoy the rights of ownership of the PSI common stock it rightfully owns, and has been damaged thereby.

## SECOND CAUSE OF ACTION

### (Breach of the 2004 Share Exchange Agreement)

### (Failure to Issue Additional Shares Owed Under Section 10.2)

37.    Plaintiff FWAG realleges and incorporates by reference the allegations of Paragraphs 1-36 above.

38.    FWAG has performed all conditions, covenants and promises required on its part by the terms and conditions of the 2004 Share Exchange Agreement.

39.    Defendant PSI has breached the terms of the 2004 Share Exchange Agreement, and, in particular, Section 10.2 thereto, by failing to issue to FWAG approximately 1,000,000 or more shares of PSI common stock owed to FWAG as further consideration for FWAG's entering into the 2004 Share Exchange Agreement.

40.    As a result of PSI's breach of the 2004 Share Exchange Agreement, FWAG has been deprived of approximately 1,000,000 or more additional shares of PSI common stock. FWAG has been unable to sell, transfer, or otherwise enjoy the rights of ownership of the PSI common stock it rightfully owns, and has been damaged thereby.

Heller
Ehrman LLP

COMPLAINT                                    8

## THIRD CAUSE OF ACTION

### (Breach of the 2005 Subscription Agreements)

41. Plaintiff FWAG realleges and incorporates by reference the allegations of Paragraphs 1-40 above.

42. FWAG has performed all conditions, covenants and promises required on its part by the terms and conditions of the 2005 Subscription Agreements.

43. Defendant PSI's actions described above have breached the terms of at least one of the 2005 Subscription Agreements.

44. As a result of PSI's breach of the at least one of the 2005 Subscription Agreements, FWAG has been deprived of 416,667 shares of PSI common stock. FWAG has been unable to sell, transfer, or otherwise enjoy the rights of ownership of the PSI common stock it rightfully owns, and has been damaged thereby.

## FOURTH CAUSE OF ACTION

### (Violation of U.C.C. § 8-401 (NRS 104.8401))

45. Plaintiff FWAG realleges and incorporates by reference the allegations of Paragraphs 1-44 above.

46. FWAG owns the shares of PSI common stock described herein and is eligible to have such shares registered in its name.

47. FWAG's duly authorized agents delivered to PSI requests to transfer shares of its PSI common stock to certain non-U.S. individuals (i.e., the bondholders who exercised their conversion rights) along with valid stock powers and assignments separate from certificate.

48. FWAG's agents were known to PSI and PSI was reasonably assured that the instructions were genuine and authorized.

49. FWAG complied with any applicable tax laws in connection with the transfers it requested.

50. The requested transfers violated no issuer-imposed restriction on transfer known to FWAG.

Heller
Ehrman LLP

COMPLAINT                                        9

51. No appropriate person had demanded PSI not to register the transfers requested by FWAG.

52. The requested transfers were rightful.

53. PSI has a duty to register the transfers requested by FWAG.

54. PSI's failure or refusal to register the transfers and to issue a stock certificate to FWAG for the balance of its shares of PSI common stock has caused FWAG to be unable to sell, transfer, or otherwise enjoy the rights of ownership of the PSI common stock it rightfully owns, and has potentially exposed FWAG to claims against it by the holders of the convertible bonds who exercised their conversion rights but have not yet been issued their shares, and has been damaged thereby.

## FIFTH CAUSE OF ACTION

### (Conversion)

55. Plaintiff FWAG realleges and incorporates by reference the allegations of Paragraphs 1-54 above.

56. Plaintiff FWAG has a right to possession of its personal property, namely, (a) 7,529,825 shares of PSI common stock FWAG owns pursuant to the 2004 Share Exchange Agreement and 2005 Settlement Agreement, (b) at least 1,000,000 or more additional shares of PSI common stock that PSI is required to issue FWAG pursuant to Section 10.2 of the 2004 Share Exchange Agreement and (c) 416,667 shares of PSI common stock FWAG agreed to issue to FWAG pursuant to the 2005 Subscription Agreements.

57. PSI and/or its agents actually interfered with plaintiff's right to possession of this property.

58. The conduct by PSI and/or its agents was willful, knowing and intentional and was undertaken with malice.

59. FWAG has demanded return of the property.

60. The interference by PSI and/or its agents with FWAG's right to possession of its property has caused FWAG injury, damage, loss or harm in that has been unable to sell,

1  transfer, or otherwise enjoy the rights of ownership of the PSI common stock it rightfully
2  owns.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

5      61.   Plaintiff FWAG realleges and incorporates by reference the allegations of
6  Paragraphs 1-60 above.

7      62.   PSI's unilateral "cancellation" of at least 7,529,825 shares of PSI common
8  stock rightfully owned by FWAG deprives FWAG of the benefit of its ownership of the
9  stock.

10      63.   PSI's failure to issue (a) at least 1,000,000 or more additional shares of PSI
11  common stock that PSI is required to issue FWAG pursuant to Section 10.2 of the 2004
12  Share Exchange Agreement and PSI and (b) 416,667 shares of PSI common stock FWAG
13  agreed to issue to FWAG pursuant to the 2005 Subscription Agreements deprives FWAG of
14  the benefit of its ownership of the stock.

15      64.   PSI's unilateral "cancellation" of at least 7,529,825 shares of PSI common
16  stock rightfully owned by FWAG (which constituted approximately 14.34% of the issued
17  and outstanding shares of PSI common stock as of July 14, 2006) unjustly benefits PSI and
18  its shareholders at the expense of FWAG.

19      65.   PSI's failure to issue shares of PSI common stock pursuant to Section 10.2 of
20  the 2004 Share Exchange Agreement and 2005 Subscription Agreements unjustly benefits
21  PSI and its shareholders at the expense of FWAG.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)

24      66.   Plaintiff FWAG realleges and incorporates by reference the allegations of
25  Paragraphs 1-65 above.

26      67.   The possession by PSI and/or its agents of stock certificates representing
27  FWAG's ownership of 7,529,825 shares of PSI common stock deprives FWAG of ability to
28  sell, transfer, or otherwise enjoy the rights of ownership of the PSI common stock it

Heller
Ehrman LLP

COMPLAINT         11

1  rightfully owns.

2      68.    PSI's wrongful "cancellation" of at least 7,529,825 shares of PSI common

3  stock rightfully owned by FWAG deprives FWAG of ability to sell, transfer, or otherwise

4  enjoy the rights of ownership of the PSI common stock it rightfully owns.

5      69.    PSI's wrongful failure to issue at least 1,000,000 or more shares of PSI

6  common stock owed to FWAG pursuant to Section 10.2 of the 2004 Stock Exchange

7  Agreement deprives FWAG of ability to sell, transfer, or otherwise enjoy the rights of

8  ownership of the PSI common stock it rightfully owns.

9      70.    PSI's wrongful failure to issue 416,667 shares of PSI common stock owed to

10  FWAG pursuant to one or more of the 2005 Subscription Agreements deprives FWAG of

11  ability to sell, transfer, or otherwise enjoy the rights of ownership of the PSI common stock

12  it rightfully owns.

13      71.    PSI's refusal to register the stock transfers requested by FWAG in April 2006

14  has deprived and continues to deprive FWAG of the ability to complete the conversion of

15  the convertible bonds in favor of its non-U.S. bondholders.

16      72.    Damages may be an inadequate remedy in this situation because of FWAG's

17  obligation to transfer shares of PSI common stock to the bondholders who elected to

18  convert their bonds into stock.

19                  **EIGHTH CAUSE OF ACTION**

20                     **(Declaratory Relief)**

21      73.    Plaintiff FWAG realleges and incorporates by reference the allegations of

22  Paragraphs 1-72 above.

23      74.    PSI has purported to "cancel" at least 7,529,825 shares of PSI common stock

24  that is rightfully owned by FWAG.

25      75.    PSI has refused to issue and convey to FWAG the additional shares of PSI

26  common stock issuable pursuant to the 2004 Share Exchange Agreement and the 2005

27  Subscription Agreements.

28      76.    An actual, present controversy involving justiciable questions has arisen

Heller
Ehrman LLP

COMPLAINT              12



1  between the parties with respect to the "cancelled" shares, the additional shares issuable

2  under Section 10.2 of the 2004 Share Exchange Agreement and the shares issuable but not

3  issued under the 2005 Subscription Agreements.

### NINTH CAUSE OF ACTION

#### (Equitable Indemnity)

6        77.    Plaintiff FWAG realleges and incorporates by reference the allegations of

7  Paragraphs 1-76 above.

8        78.    To provide financing to Biofarm (now PSI), FWAG offered and sold in

9  Germany to non-U.S. citizens reverse convertible bonds, which were convertible into shares

10  of Biofarm (now PSI) common stock. The purchasers of the bonds subsequently elected to

11  convert the bonds.

12        79.    PSI's refusal to register the stock transfers requested by FWAG in April 2006

13  has deprived FWAG of the ability to complete the conversion of the convertible bonds in

14  favor of its bondholders.

15        80.    Any harm or losses suffered by FWAG as a result FWAG's inability to

16  complete the conversion of the convertible bonds is attributable to PSI's failure to register

17  the stock transfers as FWAG requested.

### DEMAND FOR JURY TRIAL

19  Plaintiff FWAG demands a trial by jury on all causes of action in this Complaint.

### PRAYER FOR RELIEF

21  Plaintiff FWAG respectfully prays for relief as follows:

22        1.    For compensatory damages in an amount in excess of $25,000, to be proven at

23  trial, and/or for an order requiring restitution of ill-gotten gains;

24        2.    For pre-judgment interest to the extent permitted by law;

25        3.    For an order finding and declaring that PSI's unilateral "cancellation" of

26  FWAG's shares is wrongful and compelling PSI to issue and convey to FWAG all the

27  shares issuable pursuant to the 2004 Share Exchange Agreement and/or the 2005

28  Subscription Agreements;

Heller
Ehrman LLP

COMPLAINT                                    13



1       4.    For an injunction compelling PSI issue and convey to FWAG all the shares

2  issuable pursuant to the 2004 Share Exchange Agreement and/or the 2005 Subscription

3  Agreements;

4       5.    For an injunction compelling PSI to issue stock certificates to non-U.S.

5  noteholders as requested by FWAG;

6       6.    For punitive damages;

7       7.   For an award of all attorneys' fees, costs and expenses involved in the

8  investigation, filing and prosecution of this action, as provided in, *inter alia*, Section 11.14

9  of the 2004 Share Exchange Agreement, and any applicable provision of law;

10      8.   For recoverable costs of suit incurred herein; and

11      9.    For such other and further relief as the Court may deem just and proper.

12  DATED: April 23, 2007             Respectfully submitted,

13

14                       HELLER EHRMAN LLP

15

16                       By

17                         Laurence A. Weiss

18                         Attorneys for Plaintiff
                              friendlyway AG

19

20  SV 2265860 v4
     4/23/07 9:58 AM (42027.0001)

21

22

23

24

25

26

27

28

Heller
Ehrman LLP

COMPLAINT                      14